# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY A. STILLWELL, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FASHION NOVA, LLC, a California Limited Liability Company; NIXON PEABODY LLP, a New York Limited Liability Partnership; INTRIVO DIAGNOSTICS, INC., a Delaware Corporation; FN LOGISTICS, LLC, a Delaware Limited Liability Company; RICHARD D. SAGHIAN, an individual; ERICA A. MEIERHANS, an individual; STACI J. RIORDAN, an individual; REEVE BENARON, an individual <br><br> Defendants. | Case No. 2:21-cv-07040-GW-MARx <br><br> [~~PROPOSED~~] ORDER AND JUDGMENT ON DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT, MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16, MOTION TO SET ASIDE DEFAULTS, AND MOTION FOR ATTORNEY'S FEES <br><br> Honorable George H. Wu |

This Order and Judgment formalizes the Court's ruling on five Motions presently before this Court, as delineated below.

On December 23, 2021, defendants Fashion Nova LLC, FN Logistics LLC, Nixon Peabody LLP, Richard D. Saghian, Erica A. Meierhans, and Staci J. Riordan (collectively the "Fashion Nova Affiliated Defendants") filed: (1) Special Motion to Strike Plaintiff Brittany A. Stillwell's First Amended Complaint pursuant to California Code of Civil Procedure Section 425.16; and (2) Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkts. 99, 100.)

On December 30, 2021, defendants Fashion Nova LLC, FN Logistics LLC, Richard D. Saghian, Erica A. Meierhans, and Staci J. Riordan (collectively the "Fees Defendants") filed a motion for Attorney's Fees pursuant California Code of Civil Procedure section 425.16(c). (Dkt. 101.) The Motion was based on the Court's November 18, 2021 order granting in-part the first Anti-SLAPP motion filed by the Fashion Nova Affiliated Defendants, without leave to amend, as to the twentieth and twenty-first causes of action in Plaintiff's original Complaint. (Dkt. 89.)

On February 14, 2022, defendants Intrivo Diagnostics, Inc. ("Intrivo") and Reeve Benaron ("Benaron") filed a Motion (1) To Dismiss First Amended Complaint and (2) To Set Aside Entries of Defaults. (Dkt. 116.)

On January 28, 2022, the Court issued a tentative ruling in this matter in connection with three motions that were up for hearing on January 31, 2022. (Dkt. 113.) On January 31, 2022, the Court heard oral argument on the motions, and then took the motions under submission.

On February 15, 2022, the Court issued an "Order Requiring Further Briefing on Federal Forced-Labor Claims," asking that the parties address Footnote 14 in the tentative ruling issued January 28 to allow the Court to determine whether paragraphs 78-82 of the First Amended Complaint presented even the slightest possibility that plaintiff Brittany Stillwell had, or could, state a claim under 18 U.S.C. § 1589(a)(2), (a)(3), or (b) (corresponding to the first, second and third causes of action of the First

Amended Complaint). (Dkt. 117.) The parties thereafter provided supplemental briefing, which the Court has reviewed.

On March 10, 2022, the Court issued an order, which, *inter alia,* adopted the January 28, 2022 tentative ruling, with modifications as stated therein. (Dkt. 126.)

In light of the foregoing, THE COURT NOW RULES AS FOLLOWS:

1. The Motion of the Fashion Nova Affiliated Defendants to Strike pursuant to California Code of Civil Procedure Section 425.16 is granted as to the following paragraphs of the seventh cause of action in Plaintiff's First Amended Complaint. The Court strikes paragraphs 14-16, 65-66, 68, 72, 74, 78, 89-96, 99-100 and 115 of the First Amended Complaint with prejudice. In addition, the seventh cause of action is stricken, with prejudice, to the extent the foregoing paragraphs are relied upon as support for the seventh cause of action. The Court finds that the Fashion Nova Affiliated Defendants are the prevailing parties on this second Anti-SLAPP motion, such that the Fashion Nova Affiliated Defendants may file a separate request for attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16(c).

2. The Motion of the Fashion Nova Affiliated Defendants to Dismiss the first, second, third, fourth, fifth and sixth causes of action is granted without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6), and said causes of action are each hereby dismissed with prejudice.

As to Plaintiff's seventh cause of action for intentional infliction of emotional distress, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). The seventh cause of action is hereby dismissed without prejudice. Plaintiff may re-file only that claim in state court against one or more of the Fashion Nova Affiliated Defendants, if she so chooses, subject to the above rulings. Specifically, this Court's rulings on the two Anti-SLAPP Motions preclude Plaintiff from re-asserting: (1) the twentieth and twenty-first causes of action of the original Complaint, and (2) the following paragraphs of Plaintiff's First Amended Complaint: paragraphs 14-16, 65-66, 68, 72, 74, 78, 89-96, 99-100 and 115.

3. The Court grants the Motion of the Fees Defendants for Attorney's Fees pursuant to California Code of Civil Procedure section 425.16(c), and orders that Plaintiff is liable to and shall pay to the Defendants' attorney's fees in the amount of $22,910.75, subject to adjustment for any additional amounts incurred in connection with preparation of reply papers and "virtual" attendance at the January 31, 2022 hearing. The Fees Defendants shall submit such additional briefing as to the amount of such fees no later than March 21, 2022.

4. The Motion of Intrivo and Benaron to set aside defaults is granted; the defaults entered against Intrivo and Benaron on October 14, 2021 and January 21, 2002 (Dkts. 68, 109) are hereby vacated.

5. Consistent with the Court's ruling on the Fashion Nova Affiliated Defendants' Motion to Dismiss, the Motion of Intrivo and Benaron to dismiss the sixth cause of action is granted without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6), and said cause of action is hereby dismissed with prejudice.

The Court declines to exercise supplemental jurisdiction over Plaintiff's sole remaining claim against Intrivo and Benaron, the seventh cause of action for intentional infliction of emotional distress. The seventh cause of action is hereby dismissed without prejudice; Plaintiff may re-file only that claim in state court against Intrivo and/or Benaron, if she so chooses.

IT IS SO ORDERED.

Date: March 30, 2022    By: [signature]
Hon. George H. Wu
United States District Judge

4