Brittany A. Stillwell
info@brittstillwell.com
1055 W 7th Street, 33rd Floor
Los Angeles, California 90017
Tel: 702-907-1908
Fax: 213-513-5102
PLAINTIFF APPEARING IN PRO PER

# U.S. DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRITTANY A. STILLWELL**, *an individua*l<br><br>           Plaintiff,<br>   v.<br><br>**FASHION NOVA, LLC**, *a California Limited Liability Company*; et al.<br><br>           Defendants. | Case No. 2:21-cv-07040-GW-MARx<br><br>**PLAINTIFF'S NOTICE OF MOTION TO STAY JUDGEMENT AND PROCEEDINGS PENDING APPEAL**<br><br>[*Filed concurrently herewith: Proposed Order and Declaration of Brittany A. Stillwell*]<br><br>Date:  June 16, 2022<br>Time:  8:30a.m.<br>Place:  Courtroom 9D<br><br>**Honorable George H. Wu** |

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on, 2022, at 8:30 AM or as soon thereafter as the matter may be heard before the Honorable George H. Wu in Courtroom 9D of the above-entitled Court, located at the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff Brittany A. Stillwell ("Stillwell") will and does move this Court for an order staying all judgements and proceedings in this Court pending a ruling by the Ninth Circuit in Appeal No. 22-55312 of the Order Granting Defendants' anti-SLAPP Motion, Defendants' Motion for Attorney Fees and Dismissal of Plaintiff's claims with prejudice ("Stillwell Appeal"); or pending Plaintiff's intervention and the disposition of FN Logistics LLC v. The Compliance Firm LLC d/b/a Compliant Care Staffing, Case No. 22STCV0144 ("Prior Action"), which is pending in California Superior Court, ("Stillwell Intervention") whichever is decided first.

This motion is made on the grounds that the resolution of the Stillwell Appeal or Stillwell Intervention, or both, may significantly affect the outcome of this case, and staying this case would hence save the parties, this Court, and taxpayers significant time and money. Because there is no preliminary injunction in place, a stay will not prejudice Defendants, and while a stay may slightly delay resolution of this case, such delay does not constitute cognizable harm where, as here, the stay will be reasonable in length. Further, staying the judgments in this

case will not be prejudicial to the Defendants, whose pursuit of untenable claims for improper purposes and in bad faith, in their anti-SLAPP, dismissal and attorney fee motions, have led to undue delays and expenses in the resolution of this case. Plaintiff's Motion for Stay is necessary to prevent manifest injustice. Plaintiff's Motion for Stay is based on this Notice, the following Memorandum of Points and Authorities, the documents filed with the Court in this action, and any other materials as may be presented before or at the hearing on this Motion, or as otherwise permitted by the Court.

## Local Rule 7-3 Compliance

This Motion is made following the meet and confer pursuant to L.R. 7-3, which took place on March 25, 2022 and April 8, 2022. The Parties were unable to reach a resolution which would have eliminated the necessity for this motion.

Dated: May 2, 2022

                          */s/ Brittany A. Stillwell*  ,

                          Brittany A. Stillwell, *Plaintiff*

                          Appearing in Pro Per

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff files this Motion is before this Court after attorneys for Defendants Fashion Nova, LLC, ("FN"), FN Logistics LLC ("FNL"), Erica A. Meierhans ("Meierhans"), Nixon Peabody LLP, ("Nixon Peabody"), Staci J. Riordan ("Riordan") and Richard D. Saghian ("Saghian"), collectively ("Defendants") made material misrepresentations to this Court and pursued untenable claims in their anti-SLAPP motions, and motions for attorney fees, which were filed for improper purposes. In Plaintiff's pending Motion for Reconsideration (at Dkt. 133), Plaintiff argues the Court's granting of the FN Defendants' Anti-SLAPP Motions, dismissal with prejudice, the granting of subsequent motions for attorney fees was a manifest error. Plaintiff files this timely Motion to Stay pending a ruling in the Stillwell Appeal, or the disposition of the Stillwell Intervention, whichever is decided first.

## II. LEGAL STANDARD

### A. Stay Pending Appeal or Disposition of Proceedings in State Court

A district court has the "power to stay proceedings" in one case pending resolution of "proceedings in another," or an intermediate appeal in the same case,

as part of the "incidental …power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254-55; *Rollins v. Dignity Health*, 2014 WL 6693891, *4 (N.D. Cal. Nov. 26, 2014) (granting "stay…pending interlocutory appeal"), aff'd and remanded, 830 F.3d 900 (9th Cir. 2016), rev'd on merits sub nom., *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652 (2017).

The Ninth Circuit can also "grant[] a stay pending the appeal" of the denial of a preliminary injunction motion, Cassim, 824 F.2d at 794, and will do so even where it later affirms the denial of the motion (at which point it dissolves the stay). *See, e.g., id.; Trans Meridian Trading, Inc. v. Empresa Nacional de Comercializacion de Insumos,* 829 F.2d 949, 951 (9th Cir. 1987). Generally, however, "[a] party must ordinarily move first in the district court for [such] relief." Fed. R. App. P. 8(a)(1). The Ninth Circuit has also held, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64

(9th Cir. 1979) (citing *Landis*); accord, e.g., *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.").

Whether the stay is until resolution of another proceeding "which bear[s] upon the case" or until interlocutory appeal of the denial of the preliminary injunction, the same test applies. "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX*, 300 F.2d at 268); *Unitek Solvent*, 2014 WL 12576648 at *4 (quoting same in granting stay pending appeal from denial of preliminary injunction); *Rollins,* 2014 WL 6693891 at *4 (quoting same).

While district courts have discretion to determine whether to grant stays, a "district court abuses its discretion if it 'base[s] its ruling on an erroneous view of

MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF PLAINTIFF'S
MOTION TO STAY
3

the law or on a clearly erroneous assessment of the evidence,'" *Lockyer,* 398 F.3d at 1105 (internal quotation omitted), or "fail[s] to consider the relevant factors implicated by the…motion to stay." *Central Valley Typographical Union No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 749 (9th Cir. 1985) ("vacat[ing] the order denying the stay"), abrogated on other grounds, *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (2000).

      1.    <u>All Applicable Factors Favor Granting Plaintiff's Motion to Stay</u>

Applying the factors identified in *Landis* and its progeny, a stay is warranted because the Stillwell Appeal or Stillwell Intervention, or both, "might result in an order which would affect" the outcome of this case and Defendants cannot show they will "suffer irreparable damage and a miscarriage of justice." *CMAX*, 300 F.2d at 267-68 (affirming stay); accord, e.g., *Rollins*, 2014 WL 6693891 at *4-5.

      a.    *A Stay Will Not Damage Defendants*

"[B]ecause there is no preliminary injunction in place," Defendants will suffer no harm from a stay, as they are not required to do, or refrain from doing, anything differently than when Plaintiff filed suit. *Unitek Solvent*, 2014 WL 12576648 at *3. To the contrary, a stay will benefit Defendants – and the public purse – by potentially saving hundreds of thousands of taxpayer dollars in the cost of defense. While a stay may slightly delay resolution, that does not constitute

cognizable harm as long as the stay "is reasonable in length." Id.; Leyva, 593 F.2d at 864 (stay appropriate where "it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented").

In this case, after the disposition of the Stillwell Intervention, the Stillwell Appeal will be expedited in accordance with Ninth Circuit rules relating to preliminary injunction appeals." *Unitek Solvent*, 2014 WL 12576648 at *3. Under Circuit Rule 3-3, briefing should be completed within about three months. In the Stillwell Intervention, a hearing on Stillwell's Intervention is scheduled for June 1, 2022. Once granted, Stillwell anticipates filing an anti-SLAPP Motion and a dispositive demurrer to dismiss for failure to state facts sufficient to constitute a cause of action. Plaintiff anticipates the Stillwell Intervention and disposition of the Prior Action, will be completed within about three months. As both the Stillwell Intervention and Appeal will be "proceeding with diligence and efficiency," a stay is appropriate. *Leyva*, 593 F.2d at 864.

Further, staying the judgments in this case will not be prejudicial or harm the Defendants, whose pursuit of untenable claims for improper purposes and in bad faith, in their anti-SLAPP, dismissal and attorney fee motions, have led to undue delays and expenses in the resolution of this case. The Defendants' filed the Prior

Action, in federal court, then refiled the suit in State Court, for improper purposes, as all of the claims in the Prior Action were untenable, unsupported by fact and unsupported by law.  Even if every allegation in the FNL's Complaint in the Prior Action were true, *all* of the causes of actions would be barred by California's anti-SLAPP statute (Cal. Civ. Code § 425.16), litigation privilege (Cal. Civ. Code § 47(b)), and PREP Act immunity (42 U.S.C. § 247d-6d(a)(1)), and immunity under California's Emergency Service Act (Gov. Code § 8550, et seq.).  Defendants' anti-SLAPP Motions, Motions to dismiss and Motions for Attorney fees all relied upon and are premised off of the improper filing and maintenance of the Prior Action. Any delays caused by granting Plaintiff's Motion to Stay are due to the bad faith and misconduct of the Defendants' and their attorneys.

    b.  *Plaintiff Will Suffer Hardship Absent A Stay*

The cost of litigation in the Stillwell Intervention and Appeal have imposed an enormous financial burden on Plaintiff.  Now Stillwell faces the prospect of litigating an appeal in the Ninth Circuit, preparing for and conducting trial in California Superior Court, all while prosecuting and defending cross-motions for reconsideration, attorney fees, and motions for dismissal in this case. In this case, the cost for continued motion practice (on top of what Stillwell must pay for the Stillwell Intervention and Appeal), "may be unnecessary" – or even wasted –

"[d]epending on the resolution of this [A]ppeal" and/or the Stillwell Intervention. *Rollins,* 2104 WL 693891 at *5. "Given the potentially severe harm facing Plaintiff, this factor weighs in favor of issuing a stay." *Unitek Solvent*, 2014 WL 12576648 at *3.

**B.    Stay Judgement Pending Appeal**

A different test applies to a motion to stay a judgment or order pending appeal. *National Resources Defense Council, Inc. v. Winter,* 502 F.3d 859, 863 (9th Cir. 2007) (in such a case, "[t]he factors regulating issuance of a stay [include]: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.") (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Applying the Hilton test here, Plaintiff argues that she has made a strong showing that she is likely to succeed on the merits in the Stillwell Intervention and in the Prior Action. As stated herein, even if every allegation in the FNL's Complaint in the Prior Action were true, *all* of the causes of actions would be barred and or pre-empted by state and federal laws, thereby warranting a dismissal of the Prior Action with prejudice, with Stillwell prevailing.

As to the second and third factors, Stillwell will be irreparably injured absent a stay of judgment, as Defendants have threatened to enforce judgements against Stillwell when the automatic stay ends. Allowing Defendants to enforce judgements against Stillwell will result in hardship and inequity that will hinder Plaintiff's ability to pursue the Stillwell Intervention and Stillwell Appeal. The Stillwell Intervention or Appeal might result in an order which would affect the outcome of this case, specifically, an order that may result in the denial of Defendants' anti-SLAPP and attorney fee motions, which the judgements against Plaintiff are based upon. Further, an issuance of the stay will not substantially injure the Defendants, as they filed their anti-SLAPP and attorney fees in bad faith and for improper purposes, as discussed herein. As to the fourth factor, there is a public interest in the court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) A stay will benefit the public by potentially saving hundreds of thousands of taxpayer dollars in the cost of continued motion practice regarding the judgement against Plaintiff. Therefore, there is a public interest in staying judgments against Plaintiff in this case, pending the Stillwell Intervention or Stillwell Appeal.

## III.   CONCLUSION

It would waste judicial resources and be burdensome upon this Court and the parties if this Court does not stay the proceedings and judgments in the case pending the Stillwell Intervention or Appeal at the same time as" the same and/or related issues were being decided in a "parallel process." *Levya,* 593 F.2d at 864. While *Levya* involved a parallel arbitration, the same analysis holds for the pending Stillwell Appeal. *See, e.g., Landis*, 299 U.S. at 254; *Unitek Solvent*, 2014 WL 12576648 at *3-5 (stay pending appeal of denial of preliminary injunction); *Robles v. Comtrak Logistics, Inc.,* 2014 WL 7335316, *2 (E.D. Cal. Dec. 19, 2014) (stay entered "pending resolution of appeals [in Ninth Circuit] regarding preemption" of claim, and "[u]pon the Ninth Circuit's resolution of the appeals, the Court lifted the stay").

Plaintiff therefore respectfully requests that the Court enter an order staying all proceedings and judgements in this Court pending a ruling by the Ninth Circuit of the Appeal in this case or the disposition of the Prior Action, whichever comes first.

Dated: May 2, 2022

                                         /s/ Brittany A. Stillwell,

                                         Brittany A. Stillwell, *Plaintiff*
                                         Appearing in Pro Per