Staci Jennifer Riordan (State Bar No. 232659)
sriordan@nixonpeabody.com
Dale A. Hudson (State Bar No. 81948)
dhudson@nixonpeabody.com
Mark S. Zhai (State Bar No. 287988)
mzhai@nixonpeabody.com
**NIXON PEABODY LLP**
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071
Tel: (213) 629-6000
Fax: (213) 629-6001

Attorneys for Defendants FN Logistics, LLC, Fashion Nova, LLC, Richard D. Saghian, Erica A. Meierhans, Nixon Peabody LLP and Staci J. Riordan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY A. STILLWELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FASHION NOVA, LLC, a California Limited Liability Company; *et al*.<br><br>Defendants. | Case No. 2:21-cv-07040-GW-MARx<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**<br><br>Date:     June 16, 2022<br>Time:    8:30 a.m.<br>Place:    Courtroom 9D<br><br>Filed Concurrently:<br><br>Evidentiary Objections to Stillwell Declaration<br><br>**Honorable George H. Wu** |

Defendants FN Logistics LLC ("FNL"), Fashion Nova LLC ("FN"), Nixon Peabody LLP ("Nixon"), Richard D. Saghian ("Saghian"), Erica A. Meierhans ("Meierhans") and Staci J. Riordan ("Riordan") (collectively, "Defendants") hereby submit their Opposition to Plaintiff's Motion to Stay.

## I. INTRODUCTION

The Motion to Stay filed by plaintiff Brittany Stillwell ("Stillwell") is without merit and should be denied.

Stillwell's Motion is mostly devoted to her request that this Court stay unspecified proceedings, pending resolution of the appeal now pending at the Ninth Circuit. This is a strange request, as there do not appear to be any proceedings to be stayed. This case is essentially closed at the district court level. Stillwell's Motion discusses various scenarios under which district courts should or should not continue to exercise jurisdiction in various contexts, but that discussion has no application to this case.

Stillwell's Motion then proceeds to request that this Court stay execution on the judgment, impliedly requesting that she be excused from the requirement of Rule 62 that she post a supersedeas bond or other security as a condition of issuance of a stay. However, Stillwell provides no authority for the proposition that their Court has authority to, in the absence of a supersedeas bond, stay the judgment, let alone that it should do so.

## II. PROCEDURAL HISTORY

Stillwell filed her original Complaint this action on August 31, 2021. Defendants filed various motions challenging the Complaint, which were, in part, granted by the Court. On December 9, 2021, plaintiff filed her First Amended Complaint ("FAC"). (Dkt. 93.)

On March 30, 2022, the Court entered an Order and Judgment dismissing the first, second, third, fourth fifth and sixth causes of action of the FAC, and denying

Stilwell leave to further amend. The Court also granted Defendants' anti-SLAPP Motion with respect paragraphs 14-16, 65-66, 68, 72, 74, 78, 89-96, 99- 100 and 115 of the FAC. The Court also struck the seventh cause of action "to the extent the foregoing paragraphs are relied upon as support" for that claim. In light of these rulings, which disposed of all federal claims, the Court declined to exercise supplemental jurisdiction over the seventh cause of action, giving Stillwell permission to refile that claim in state court. (Dkt. 132.)

In the course of ruling on Defendants' Motions addressing Stillwell's pleadings, the Court has ordered that Plaintiff pay to Defendants costs and attorney's fees in the total amount of $60,839.52, as follows:

| March 30, 2022 | $22,910.00 |
| --- | --- |
| March 30, 2022 | 10,262.00 |
| May 13, 2022 | 27,100.00 |
| May 23, 2022 | 567.52 |
| **TOTAL** | **$60,839.52** |

### III. LEGAL ARGUMENT

**A. This Court Should Not Stay the Proceedings Before it; in Light of Entry of Judgment and the Pending Appeal Now, There Are Essentially No Proceedings to Stay.**

The first portion of Stillwell's Motion, which requests that this Court stay proceedings in this Court pending appeal, is both unnecessary and totally off base. Stillwell never explains what proceedings are likely to occur at the district court level while her appeal proceeds, or how she would be prejudiced by any such proceedings, if they were to occur. Stillwell has filed an appeal, and with limited exceptions, proceedings in this Court are stayed automatically. This Court has dismissed

Stillwell's First Amended Complaint, awarded attorney's fees to Defendants, and otherwise closed this case. The only matter currently before the Court is the instant Motion to Stay. Once this Motion (initiated by Stillwell) has been heard, proceedings before this Court will go dormant until the Ninth Circuit issues its mandate. There is no reason for this Court to issue a stay.

Stillwell also argues this case should be stayed, pending the outcome of her motion to intervene in *FN Logistics LLC v. The Compliance Firm*, Los Angeles Superior Court, being case no. 22TCV01443 (the "Superior Court Action"). Stillwell never explains how her hoped-up intervention in the Superior Court Action could impact, even indirectly, the proceedings before this Court. Stillwell again appears to be confused about the attenuated relationship between the two litigation matters. As this Court has previously observed:

> Contrary to what Plaintiff seems to suggest in parts of her motion for reconsideration briefing, this Court is not the court to decide whether Plaintiff should be allowed to intervene in the action now proceeding in state court. Nor is this Court – either now or at the time it was considering the defendants' anti-SLAPP motion(s) – the court that could decide, in this action, whether Plaintiff herself could or would prevail on her own anti-SLAPP motion in an action brought against her (or her company). Plaintiff is plainly misguided in both these respects. (Dkt. 144, at 2.)

Similarly, the Superior Court's rulings on Stillwell's anticipated motions in the Superior Court Action therein will have no impact on this proceeding. Thus, these motions provide no basis for Stillwell's request for a stay (although, again, there are no proceedings here to be stayed.)

### B. Stillwell is Required to Post a Bond or Other Appropriate Security to Stay Enforcement of the Judgment; Absent Such a Bond, there is No Basis for Staying the Judgment.

The Federal Rules of Civil Procedure clear: absent the posting of appropriate security, the filing of an appeal stays enforcement of money judgment for just thirty (30) days, at which time the stay expires. Rule 62(a), FRCP. Thereafter, to secure a stay, the party seeking the stay must "provid[e] a bond or other security." Rule 62(b), FRCP. An appellant who wishes to prevent execution of a money judgment pending appeal must post a bond with the district court or provide other adequate security. *See*, *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F3d 1186, 1197 & fn. 6 (9th Cir. 2001); *American Civil Liberties Union of Nevada v. Masto,* 670 F3d 1046, 1066-1067 (9th Cir. 2012); *Finley v. Hartford Life & Accident Ins. Co.*, No. 06-06247 CW, 2010 U.S. Dist. LEXIS 148274, at *2-3 (N.D. Cal. July 13, 2010).

As Moore explains: "The posting of a bond or other security compensates the judgment creditor for the delay in execution and protects against the risk of the judgment being uncollectible after the completion of the appeal." 12 *Moore's Federal Practice – Civil* § 62.03 (2022), *citing Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982). *See also, NLRB v. Westphal,* 859 F.2d 818, 819 (9th Cir. 1988) ("The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay").

As the court stated in *Maner v. County of Stanislaus*, 2016 WL 8730741 (E.D. Cal. 2016):

> "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). . . . Therefore, if plaintiff

wishes to stay the taxing of costs pending his appeal pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, he shall file a supersedeas bond in the total amount of [costs] . . . . (*Id*. at *6.)

The cases cited by Stillwell are inapposite, as they address the circumstances where courts considered stays of ***injunctive relief*** pending appeal. *National Resources Defense Council, Inc. v. Winter*, 502 F.3d 859, 863 (9th Cir. 2007) involved an injunction issued by a district court which prohibited the United States Navy from using specified sonar off the coast of Southern California, fearing damage to migrating whales.[1] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) involved the complicated interplay between a federal district court in California and Bankruptcy Court in Texas. None of the cases cited by address the circumstances under which a district court may stay a money judgment, which is the type of judgment at-issue here.

As the court stated in *Stone v. City and County of San Francisco,* 145 F.R.D. 553, 560 (1993):

> A stay has a different effect depending upon whether it is issued in a case involving money damages or a case involving injunctive relief. . . . Where the prevailing party has been awarded money damages, the losing party is entitled to stay that judgment upon the posting of a supersedeas bond. . . In contrast, there is no requirement that a party appealing a grant of injunctive relief post a supersedeas bond in order to obtain a stay. Indeed, Rule 62(d) specifically exempts actions for injunctive relief from the class of cases in which a supersedeas bond will stay execution of the district court's judgment.

---

[1] Even if the test applied by *Winter* were applicable to the case (and it is not), it is readily apparent that Stillwell has not made a "strong showing" that she is likely to succeed on appeal, or that the "public interest" is in play in this case at all.

Inasmuch as Defendants have been awarded a money judgment against Stillwell, Stillwell's avenue for securing a stay is the posting of a supersedeas bond. In the absence of such a bond, Stillwell has no right to a stay.

## IV. CONCLUSION

For the foregoing reasons, Stillwell's Motion to Stay should be denied.

Dated: May 26, 2022                         NIXON PEABODY LLP

By: */s/ Dale A. Hudson*
Staci Jennifer Riordan
Dale A. Hudson
Attorneys for Defendants
FN Logistics, LLC, Fashion Nova, LLC, Richard D. Saghian, Erica A. Meierhans, Nixon Peabody LLP and Staci J. Riordan