Brittany A. Stillwell
info@brittstillwell.com
1055 W 7th Street, 33rd Floor
Los Angeles, California 90017
Tel: 702-907-1908
Fax: 213-513-5102
PLAINTIFF APPEARING IN PRO PER

# U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRITTANY A. STILLWELL**, *an individual* <br><br> Plaintiff, <br><br> v. <br><br> **FASHION NOVA, LLC**, *a California Limited Liability Company*; et al. <br><br> Defendants. | Case No. 2:21-cv-07040-GW-MARx <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR STAY** <br><br> [*Filed concurrently herewith: Declaration of Brittany A. Stillwell*] <br><br> Date: June16, 2022 <br> Time: 8:30a.m. <br> Place: Courtroom 9D <br><br> **Honorable George H. Wu** |

PLAINTIFF'S REPLY

Plaintiff Brittany A. Stillwell ("Stillwell") submit the following Reply to Defendants Fashion Nova, LLC ("FN"), FN Logistics, LCC ("FNL"), Erica A. Meierhans, Nixon Peabody, and Staci Riordan (collectively "FN Defendants") Opposition to Stillwell's Motion to Stay (Dkt. No. 140). Stillwell's Motion to Stay is impliedly a request for injunctive relief to enjoin the FN Defendants from executing a Writ of Execution, which is the FN Defendants' last step for enforcing their $60,839.52 judgment against Stillwell. Stillwell reasonably believed that an injunction was only appropriate *after* a writ has been issued by this Court. A Writ of Execution has not been issued, so Stillwell seeks to stay proceedings to prevent the FN Defendants from obtaining a writ of execution. Accordingly, Stillwell agrees with the FN Defendants that Fed.R.Civ.P Rule 62(d) is also an appropriate basis for injunctive relief

As a threshold matter, the FN Defendants Opposition Brief (Dkt. No. 146) should not be considered by this Court because it did not comply with Local Rules. 7- 9 and 7-12, The FNL Opposition Brief (Dkt. No. 146 was filed without evidence or a declaration in support, in violation of L.R. 7-9, which requires "evidence upon which the opposing party will rely in opposition to the motion" to accompany FNL's Opposition Brief. (See L.R. 7-9) Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Here, granting Stillwell's motion is appropriate since the FNL Defendants failed to comply with L.R. 7-9. If this Court decides to consider the FN Defendants' Opposition Brief, then this Court should grant Stillwell Motion to Stay, on the grounds that the resolution of the

State Court Action, Stillwell's Appeal, or both, may significantly affect the outcome of this case, and staying this case would hence save the parties, this Court, and taxpayers significant time and money. Plaintiff's Motion for Stay is necessary to prevent manifest injustice

## I. INTRODUCTION

### A. Relevant Procedural History

On October 1, 2021, the FN Defendants filed an Anti-SLAPP Motion (Dkt. No. 59) against Stillwell's Original Complaint (Dkt. No. 1) On December 23, 2021, the FN Defendants filed an Anti-SLAPP Motion (Dkt. No. 99) against Stillwell's First Amended Complaint ("FAC") (Dkt. No. 93). Both Anti-SLAPP Motions falsely alleged that all of Stillwell's causes of actions arise from FNL's filing of FN Logistics LLC v. The Compliance Firm LLC d/b/a Compliant Care Staffing, Case No. 2:21-cv-03312 (the "Prior Action"), and were thus protected activity for the purposes of an Anti-SLAPP Motion. The FNL Defendants also argued that Stillwell could not prevail on the second step of the anti-SLAPP analysis because FNL's litigation privilege was a complete bar to all of Stillwell's claims. On November 15, 2021, after intentionally misrepresenting Stillwell's residency to claim diversity jurisdiction before this Court, FNL dismissed the Prior Action without prejudice. On January 12, 2022, FNL re-filed the Prior Action, FN Logistics LLC v. The Compliance Firm LLC, Case No. 22STCV01443 in Superior Court of California, County of Los Angeles, ("State Court Action"), as the refiling of its Complaint was necessary for FNL to prevail on its anti-SLAPP Motions, which were still pending at the time of FNL's

refiling in State Court. Stillwell was a necessary party to the Prior Action and its successor, the pending State Court Action. FNL failed to join Stillwell for improper purposes, as Stillwell's joinder was compulsory, pursuant to Cal. Civ. Proc. Code Sec. 389.

### 1. FN Defendants' Anti SLAPP Motions

In each of Stillwell's Opposition Briefs to the Anti-SLAPP Motions (Dkt. Nos. 65 and 102) and in her Opposition Brief to Attorney Fees (Dkt. No. 104), Stillwell argued that FNL's filing and maintenance of the Prior Action was in bad faith, for improper purposes to harass, defraud, and chill Stillwell's exercise of her rights to free speech and to petition for redress of grievances; the latter is precisely the conduct that the Anti-SLAPP Statute sought to prevent. Despite Stillwell's allegations of FNL's improper purposes, on March 10, 2022 the Court confirmed its January 28, 2022 Tentative Ruling (Dkt. No. 113), and granted the FN Defendants' anti-SLAPP Motion against Stillwell's Original Complaint (Dkt. No. 59) and awarded attorney fees pursuant to Cal. Civ. Proc. Code Sec. 425.16(c)(1) (Dkt No. 126). On March 30, 2022 the Court awarded the FN Defendants additional fees incurred in accordance with the Court's order awarding attorney fees under Cal. Civ. Proc. Code Sec. 425.16(c)(1) (Dkt. No. 131). Also on March 30, 2022, the Court granted the FN Defendants' anti-SLAPP Motion against Stillwell's FAC (Dkt. No. 132). On May 13, 2022 this Court awarded the FN Defendants attorney fees pursuant to Cal. Civ. Proc. Code Sec. 425.16(c)(1) (Dkt No. 144). As of June 2, 2022, this Court has awarded the FN Defendants attorney fees against Stillwell in a total of $60,839.52.

Stillwell has appealed this Court's order granting the FN Defendants' anti-SLAPP motions, which is pending in the Ninth Circuit Court of Appeals, Case No. 22-055312; Stillwell's Appellant Opening Brief is due on Thursday, July 7, 2022. Stillwell also has a Motion to Intervene in the Prior Action, and an ex parte application advancing the hearing date of Stillwell's Anti-SLAPP Motion against FNL to June 14, 2022, both pending in the Superior Court of California, County of Los Angeles ("State Court"). Hearings on Stillwell's Motion to Intervene and Ex Parte Application were continued to June 6, 2022 at 8:30AM by Judge Mel Red Recana. (*See* Stillwell Declaration ¶ 2)

## B. Likelihood of Effect of Stillwell's Intervention Being Granted

The likelihood of Stillwell prevailing on her Motion to Intervene and Ex Parte Application are probable for the following reasons: (1) FNL's Opposition to Stillwell's Motion to Intervene was **never** served. FNL executed and subsequently filed two false declarations of service. Stillwell never received, an electronic or mailed copy of FNL's opposition and reasonably believed her Motion for Intervention was unopposed. Stillwell obtained a copy of FNL's Opposition Papers from the Court's website. (*See* Stillwell declaration ¶¶ 3) If the State Court decides to consider FNL's unserved papers, then Stillwell argues that Intervention is appropriate because Stillwell's joinder is compulsory, a claim that was not disputed in FNL's opposition. Alternatively, Intervention is permissive, and as a matter of right because Stillwell has an interest relating to the property or transaction that is the subject of the action, the disposition of this case may impair or impede that interest, and Stillwell's interests are not adequately represented by the original

parties to the action. Further, Stillwell's causes of action in her proposed Cross Complaint were not dismissed with prejudice, are compulsory and will not enlarge litigation. For these reason's Stillwell Intervention in the State Court Action is highly probable, and will likely be determined on June 6, 2022 during the hearing on her motion.

Stillwell's pending ex-parte application requests Judge Mel Red Recana to scheduling a hearing on Stillwell's Anti-SLAPP Motion on June 14, 2022 at 8:30am, if Stillwell's intervention is granted. Stillwell's ex parte application is premised on the threat of irreparable harm that will be caused by this Court's granting of an execution of writ, which would put the FN Defendants' $60,839.52 judgement against Stillwell in force, thus leading to the deprivation of Stillwell's property without due process. Stillwell's ex parte application was based on Stillwell's Notice, Stillwell's declaration in support, and the State Court's file in the matter Stillwell's Proposed Anti-SLAPP Motion, was attached and incorporated by refence to Stillwell's declaration in support of her ex parte application. (see Stillwell Declaration ¶4) If Stillwell's pending Motion for Intervention and Ex Parte Application are granted, then the State Court's hearing on Stillwell's dispositive Anti-SLAPP Motion against FNL will be held on June 14, 2022, which is two days before this Court's hearing on Stillwell's instant Motion for Stay.

C. **State Court Action has Material and Direct Impact on the Proceedings**

The State Court Action is material and directly impactful on proceedings before this Court because the disposition of the State Court Action in favor of Stillwell, will prove: (1) the Prior and State Court Actions were SLAPP suits intended to harm Stillwell; (2) the FN

Defendants used fraud upon this Court to obtain a judgement for attorney fees in the amount of $60,839.52, against Stillwell; and (3) the FN Defendants fraud led to the dismissal of Stillwell's FAC *with* prejudice, thereby infringing Stillwell's Constitutional right to petition the Courts. Pursuant to Fed. R. Civ. Rule 60(b), these reasons support the basis for this Court to set aside and vacate several orders that were materially affected by the FN Defendants' fraud. The State Court Action is also material and directly impactful on the all of the claims raised in Stillwell's FAC, especially:

1. <u>Stillwell's Forced Labor Claims</u>

Stillwell's forced labor claims under arise out of FN/FNL's coercion, such as threats of abuse of process, which materialized, despite the FN Defendants arguing that Stillwell's fear and reliance of the threats was "unreasonable" considering Stillwell's educational background. Stillwell's claims were prematurely dismissed by the FN Defendants' Anti-SLAPP Motions, and never decided by a jury.

2. <u>Stillwell's Civil RICO Wire Fraud Claims</u>

In discussions of Stillwell's RICO claims, this Court agreed with the FN Defendants that Stillwell had not sufficiently alleged a "pattern" of racketeering activity, or the existence of a specific intent to defraud, which is necessary when acts of fraud constitute the alleged predicate RICO acts. The misconduct of FN/FNL's attorneys in this action, and the State Court Action is so far beyond the scope of an attorneys' zealous representation to the point of being voluntarily and intentionally complicit with FN/FNL's schemes to defraud Stillwell. Each filing of a paper in this action, the State Court Action, as well as

the Prior Action, was the commission of a separate predicate act, which used wire communications, in furtherance of schemes to defraud Stillwell, thus constituting a pattern of racketeering activity. The racketeering activity began in December 2020 and has continued well over sixteen (16) months. This Court's concerns were not fatal to Stillwell's RICO claims, because they can be cured by amendment of Stillwell's FAC, which would become possible once the orders granting FNL's Anti-SLAPP Motions are vacated and set aside. Moreover, the abusive litigation tactics employed by FN/FNL's attorneys in this present matter and the State Court Action, support additional claims for the torts of abuse of process and malicious prosecution.

### D. Attorneys for FN Defendants Acted in Bad Faith

Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted). A case is frivolous when the "result is obvious" or a party's argument are "wholly without merit." National Mass Media Telecomm. Sys. v. Stanley (In re National Mass Media Telecomm. Sys.), 152 F.3d 1178, 1181 (9th Cir. 1998). Here, disposition of the State Court Action in Stillwell's favor will prove that the claims, defenses and legal contentions raised in the FN Defendants' anti-SLAPP Motions and subsequent motions, including their Motion for Attorney fees, were frivolous and *not* warranted by existing law and the factual contentions made have *no* evidentiary support and were filed in violation of Fed.R.Civ. Rule 11. It will also prove that the filing of the Prior and State Court Actions, were for improper purposes

and the suits were frivolous, because even if all FNL's allegations were true, each of the claims in FNL's Complaint were completely barred by litigation privilege and the PREP Act, as discussed previously in Stillwell's Opposition briefs. The FN Defendants' attorneys knowingly, intentionally, reckless, and were willfully blind to their client's misrepresentations**.** The attorneys also failed to satisfy the duty to investigate the legal and factual bases of the claims alleged in the Prior and State Court Actions. FN Defendants' attorneys filing and maintenance the Prior and State Court Actions was in bad faith, and were for the improper purposes of harassing Stillwell, and in furtherance of FN/FNL's schemes to defraud Stillwell. FNL's filing of the Prior and Present Actions were **not** for the vindication of a cognizable legal right, as no cognizable legal claim can exist in the Prior and State Actions when the claims are all barred.

### III.   LEGAL STANDARD

Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear, 137 S. Ct. at 1186 (quoting Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" Id. (quoting Chambers, 501 U.S. at 44–45). This power includes the ability to punish conduct before the court as well as actions beyond the court's confines, regardless of whether that conduct interfered with courtroom proceedings. See Chambers, 501 U.S. at 44; F.J. Hanshaw, 244 F.3d at 1136; Also, "[t]he power of a court over members of its bar is at least as great as its authority over litigants." Roadway Exp.,

Inc. v. Piper, 447 U.S. 752, 766 (1980). A district court may, among other things, dismiss a case in its entirety, bar witnesses, exclude other evidence, award attorneys' fees, assess fines, or stay proceedings. F.J. Hanshaw, 244 F.3d at 1136. "Courts may rely upon their inherent powers to sanction bad-faith conduct even where such statutes and rules are in place." Id. at 1136–37. This inherent power derives from the lawyer's role as an officer of the court which granted admission. Snyder, 472 U.S. at 643. The Court's inherent power to assess sanctions requires a showing that a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991).

## IV.  CONCLUSION

Considering the material and direct impact of the State Court Action, combined with the bad faith conduct described herein, granting Plaintiff's Motion for Stay is proper pursuant to this Court's inherent authority, Local Rule 7-12, Fed.R.Civ. P 62(d), and to prevent manifest injustice.

Dated: June 2, 2022

                /s/ Brittany A. Stillwell,

               Brittany A. Stillwell, *Plaintiff*

               Appearing in Pro Per