UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07040-GW (MARx) | Date | June 8, 2022 |
|---|---|---|---|
| Title | *Stillwell v. Fashion Nova, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None Present    None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO STAY JUDGMENT AND PROCEEDINGS PENDING APPEAL**

On May 2, 2022, at a time when both her own motion for reconsideration and her opponents' anti-SLAPP-based attorneys' fees motion were still pending, *in pro per* plaintiff Brittany A. Stillwell ("Plaintiff") filed a "Motion to Stay Judgement [*sic*] and Proceedings Pending Appeal." She argued, principally, that a stay should be implemented because of her appeal to the Ninth Circuit in this action and because of her motion to intervene in an action that is now proceeding in Los Angeles County Superior Court. The Court denies her motion without need for oral argument. *See* C.D. Cal. L.R. 7-15.

First, there are no other proceedings to be had in this action, so there is nothing to be stayed. Second, as to "staying" the judgment, this normally requires that she post a bond. *See* Fed. R. Civ. P. 62(a)-(b) (providing for a 30 day-stay on execution on a judgment and proceedings to enforce it and for a party, "[a]t any time after judgment is entered," to "obtain a stay by providing a bond or other security"); *see also* Goelz, Batalden & Querio, RUTTER GROUP PRAC. GUIDE: FEDERAL NINTH CIRCUIT CIVIL APPELLATE PRACTICE (The Rutter Group 2021) ("Goelz & Batalden"), ¶ 1:156, at 1-39 ("Subject to limited exceptions, enforcement or execution of a district court judgment is automatically stayed for 30 days after its entry. An appellant who wishes to prevent execution of a money judgment pending appeal usually must post a bond with the district court or provide other security.") (emphases and internal citations omitted).

In her Reply, perhaps recognizing that there are no other proceedings in this Court to be stayed (and that she is not requesting a stay of an order related to injunctive relief, the basis for much of the authority cited in her opening brief, and the only way in which Federal Rule of Civil Procedure 62(d) would be relevant), Plaintiff asserts that her request for a stay of proceedings should have instead been interpreted as a request for injunctive relief to prevent her opponents from executing a Writ of Execution. Even if that is, indeed, the relief Plaintiff fairly-requested in her motion, she has not

:

| | Initials of Preparer | JG |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07040-GW (MARx) | Date | June 8, 2022 |
|---|---|---|---|
| Title | *Stillwell v. Fashion Nova, LLC, et al.* | | |

convincingly demonstrated any of the (likely, or at least arguably) relevant considerations – particularly in light of the requirement that she make a "strong showing" of likelihood of success on the merits, and that any "injury" to her would be compensable by a monetary repayment – favor such a stay, and it is she who bears the burden of showing that circumstances justify the Court's exercise of discretion in that regard.  *See Nken v. Holder*, 556 U.S. 418, 433-35 (2009); *Peck v. Cty. of Orange*, 528 F.Supp.3d 1100, 1106 (C.D. Cal. 2021); Goelz & Batalden, ¶¶ 6:267-268, at 6-44 – 45; *id.* ¶ 6:277, at 6-48.

      This case is on appeal.  *See* Goelz & Batalden, ¶ 6:266, at 6:42 ("Because a notice of appeal can divest the district court of jurisdiction, filing of an appeal sometimes results in a *de facto* stay."). Nothing is set to occur in this action, at least before this Court (and the proceedings occurring in state court cannot change that fact).  If Plaintiff wishes to prevent execution/enforcement proceedings, she should look to the terms of Federal Rule of Civil Procedure 62(b).

      The motion is denied and the hearing thereon vacated.

|  |  | : |
|---|---|---|
|  | Initials of Preparer | JG |