Brittany A. Stillwell
info@brittstillwell.com
1055 W 7th Street, 33rd Floor
Los Angeles, California 90017
Tel: 702-907-1908
Fax: 213-513-5102
PLAINTIFF APPEARING IN PRO PER

**U.S. DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**BRITTANY A. STILLWELL**, *an individual*

Plaintiff,

v.

**FASHION NOVA, LLC**, *a California Limited Liability Company*; et al.

Defendants.

Case No. 2:21-cv-07040-GW-MARx

**PLAINTIFF'S NOTICE OF SETTLEMENT AGREEMENT**

**Honorable George H. Wu**

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD: Plaintiff Brittany A. Stillwell ("Stillwell") respectfully informs this Court that a Settlement Agreement has been reached between the Parties. A copy of the Settlement Agreement is attached hereto as EXHBIT A.

Dated: February 13, 2024

_/s/ Brittany A. Stillwell _____________,
Brittany Stillwell, *Plaintiff*
Appearing in Pro Per

# EXHIBIT A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is executed by the Parties pursuant to an agreement for settlement of certain civil actions which were filed between the Parties, on the terms set forth hereinbelow.

1. **Parties**: The parties to this Agreement ("Parties," individually a "Party") are:

1.1. BRITTANY A. STILLWELL, hereinafter referred to as "Stillwell."

1.2. THE COMPLIANCE FIRM, LLC as a corporation and doing business as COMPLIANT CARE STAFFING, hereinafter referred to as "TCF."

1.3. FASHION NOVA, LLC, hereinafter referred to as "Fashion Nova."

1.4. FN LOGISTICS, LLC, hereinafter referred to as "FNL."

1.5. RICHARD D. SAGHIAN, hereinafter referred to as "Saghian."

1.6. ERICA A. MEIERHANS, hereinafter referred to as "Meierhans."

1.7. NIXON PEABODY LLP, hereinafter referred to as "Nixon."

1.8. STACI J. RIORDAN, hereinafter referred to as "Riordan."

1.9. Fashion Nova, FNL, Saghian, Meierhans, Nixon and Riordan are hereinafter sometimes collectively referred to as the "FN-Affiliated Parties" or the "FN Parties."

2. **Recitals**: This Agreement is entered into with reference to the following facts:

2.1. In 2020, pursuant to various agreements, TCF provided various services to FNL, including staffing, recruiting and consulting services.

2.2. In November 2020, FNL entered into a contractual agreement with TCF to provide COVID-19 testing services for FNL's warehouse employees.

2.3. On April 16, 2021, FNL filed a civil action in United Stated District Court for the Central District of California against TCF: *FN Logistics v. The Compliance Firm LLC*, case no. 2:21-cv-2212 GW-MARx (the "First Federal Action"). The Complaint in the First Federal Action alleged ten causes of action against TCF. The Complaint in the First Federal Action alleged, *inter alia,* that TCF had failed to fulfill its contractual obligation to FNL.

2.4. FNL never appeared in the First Federal Action, and on July 15, 2021, a default judgment was entered against TCF in the First Federal Action in the amount of $363,260.

2.5. On August 31, 2021, Stillwell filed a civil action in United Stated District Court for the Central District of California: *Brittany A. Stillwell v. Fashion Nova, LLC, et al.*, Case No. 2:21-cv-07040-GW-MARx (the "Second Federal Action"). Stillwell named each of the FN Parties as defendants in the Second Federal Action.

2.6. Thereafter extensive litigation ensued in the Second Federal Action.

2.7. On March 30, 2022, the District Court in the Second Federal Action entered an Order and Judgment which dismissed the First Amended Complaint, and incorporated prior rulings on the various motions, including rulings striking portions of the First Amended Complaint under California Code of Civil Procedure section 42516 and dismissing specified claims of the First Amended Complaint under Rule 12(b)(6), Federal Rules of Civil Procedure.

2.8. In addition, the District Court in the Second Federal Action ordered Stillwell to pay attorney's fees of the FN Parties in the total amount of $60,272.75, pursuant three orders issued on March 30, 2022 and May 13, 2022.

2.9. On March 26, 2022, Stillwell filed an appeal from the orders issued by the District Court in the Second Federal Action, case no. 22-55312 ("the Ninth Circuit Appeal").

2.10. On March 22, 2023, the Ninth Circuit Court of Appeals issued a Memorandum Opinion in the Ninth Circuit Appeal wherein it affirmed the orders of the District Court in all respects.

2.11. In November, 2021, incident to a meet-and-confer process in connection with the Second Federal Action, FNL agreed to set aside the default judgement and dismiss TCF without prejudice from the First Federal Action, on condition that FNL could refile the same or similar claims in state court.

2.12. On January 12, 2022, FNL filed a civil action against TCF in the Los Angeles Superior Court: *FN Logistics, LLC v. The Compliance Firm et al.,* case no. 22TCV01443 (the "Superior Court Action"). The Superior Court Action was substantially a repleading of the First Federal Action.

2.13. TCF did not file an appearance in the Superior Court Action, and on March 21, 2022, the Superior Court entered a default judgment against TCF in the amount of $363,842.

2.14. On May 8, 2022, Stillwell filed a Motion To Intervene in the Superior Court Action.

2.15. On June 15, 2022, the Superior Court denied Stillwell's Motion to Intervene.

2.16. On or about June 16, 2022, Stillwell filed an appeal from the Order of the Superior Court which denied her Motion to Intervene in the Superior Court Action, being case no. B321832 ("the California Appeal").

2.17. On May 22, 2023, the California Court of Appeal for the Second District issued an unpublished opinion in the California Appeal, wherein it affirmed the order of Superior Court in all respects.

2.18. The Parties have now in good faith agreed to settle their disputes, including the First Federal Action, the Second Federal Action and the Superior Court Action, to resolve their differences by this Agreement, and that this Agreement adequately resolves the differences between the Parties.

NOW, THEREFORE, in consideration of the following, the Parties, and each of them, agree as follows:

3. **<u>Release of Claims by Releasing Parties (as defined below)</u>:** Stillwell and TCF each hereby acknowledge, for themselves, their affiliates, their successors and assigns (each a "Releasing Party" and collectively, "Releasing Parties"), full and complete satisfaction of, and do hereby release and discharge each and every of the FN Parties, and each of their employees, officers, directors, agents, attorneys (past or present), affiliates, assigns, representatives, insurers, contractors, subsidiaries, divisions and legal successors (each a "Released Party" or collectively, "Released Parties"), from any and all claims and cause of action of every type, nature, kind or description, known or unknown, which she or it now has, or may hereafter have, by reason of any matter from the beginning of time to the date hereof, including, but not limited to:

(a) Any and all claims arising out of, based on, or relating to the matters referenced in section 2 above, as well as any and all claims, whether brought or not, that the Releasing Parties could have brought against any Released Parties from the beginning of time up to and including the Effective Date, if any.

(b) Any and all claims arising out of, based on, or relating to any contracts of any type entered into between Releasing Part(ies), on the one hand, and any Released Part(ies), on the other hand.

(c) Any and all claims arising out of any alleged whistleblower activities by the Releasing Parties, including any related claims for retaliation or discrimination.

(d) Any and all claims asserted in the First Federal Action, or relating to the facts alleged in the First Federal Action, or arising from the prosecution or defense of that action.

(e) Any and all claims asserted in the Second Federal Action, or relating to the facts alleged in the Second Federal Action, or arising from the prosecution or defense of that action.

(f) Any and all claims asserted in the Superior Court Action, or relating to the facts alleged in the Superior Court Action, or arising from the prosecution or defense of that action.

4. **<u>Release of Claims by the Released Parties</u>:** Each and every of the Released Parties hereby release and discharge Releasing Parties from any and all claims and cause of action of every type, nature, kind or description, known or unknown, which it, he or she has, or may hereafter have, by reason of any of the following:

(a) Any and all claims arising out of, based on, or relating to the matters referenced in section 2 above as well as any and all claims, whether brought or not, that any of the Released Parties could have brought against any Releasing Party from the beginning of time up to and including the Effective Date, if any.

(b) Any and all claims arising out of, based on, or relating to any contracts of any type entered into between Stillwell or TCF, on the one hand, and any FN Party, on the other hand.

(c) Any and all claims arising out of any alleged whistleblower activities by Stillwell, TCF or their agents, including any related claims for retaliation or discrimination.

(d) Any and all claims asserted in the First Federal Action, or relating to the facts alleged in the First Federal Action, or arising from the prosecution or defense of that action.

(e) Any and all claims asserted in the Second Federal Action, or relating to the facts alleged in the Second Federal Action, or arising from the prosecution or defense of that action. For avoidance of doubt, but subject to paragraph 8 below, this releases the Releasing Parties from any liability on the judgments for attorney's fees entered in the Second Federal Action.

(f) Any and all claims asserted in the Superior Court Action, or relating to the facts alleged in the Superior Court Action, or arising from the prosecution or defense of that action. For avoidance of doubt, but subject to paragraph 8 below, this releases the Releasing Parties from any liability on the default judgment entered in the Superior Court Action.

5. **<u>Release of Unknown Claims</u>**: Each of the Parties understand that there is a risk that after the execution of this Agreement, he, she or it may discover facts different from or in addition to the facts which he, she or it now knows. It is understood that the releases herein shall be, and remain in effect as, valid releases, notwithstanding the subsequent discovery of different or additional facts. Each Party expressly waives their rights under California Civil Code section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release

and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

6. **Proceedings:** The Releasing Parties will not file any legal challenges, whether by way of motion, petition, appeal, writ, or otherwise, to the current dispositions of the First Federal Action, the Second Federal Action or the Superior Court Action, nor will the Releasing Parties take another other action against any of the Released Parties for any matter, claims, events or grievances arising from the beginning of time up through the Effective Date.

7. **Attorney's Fees**: It is agreed that each Party will, subject to paragraph 8 below, bear its own costs, expenses, expert witness fees and attorney's fees incurred in the First Federal Action, the Second Federal Action, the Ninth Circuit Appeal, the Superior Court Action and the California Appeal.

8. **Liquidated Damages; Attorney's Fees in Subsequent Litigation**: In the event the Releasing Parties breach this Agreement, and/or commence any action proceeding or motion against any Released Party, FN or FNL, the releases herein shall be null and void as if they never were given such that FNL shall be entitled to assert its judgements in the Second Federal Action and the Superior Court Action against the Releasing Parties, including a claim for all fees and costs associated therewith.

9. **No Admission of Fault:** The Parties understand and hereby agree that: the settlement of the aforesaid legal actions is a compromise of disputed contentions that this settlement is not to be construed as an admission of liability or non-liability on the part of any of the Parties, and that the Parties intend by this settlement merely to avoid litigation and to have their peace.

10. **Representations and Warranties**: Each Party represents and warrants as follows:

10.1. Each Party has had the opportunity to receive independent legal advice from attorneys of his or her or its choice with respect to the advisability of making the settlement provided herein, and has either so consulted or elected not to do so. Stillwell further acknowledges and represents that she holds a Juris Doctor degree. Meierhans represents that she holds a Juris Doctor degree and is a licensed attorney. Riordan represents that she holds a Juris Doctor degree and is a licensed attorney.

10.2. This Agreement has been carefully read and signed freely by each person executing this Agreement, who each confirm their knowledge and understanding of the terms stated herein.

10.3. Each person executing this Agreement represents and warrants that he or she has taken all actions and obtained all authorizations, consents and approvals as are conditions precedent to his or her authority to execute this Agreement.

10.4. Except to the extent expressly stated in this Agreement, no Party (or any agent or attorney for any Party) has made any statement or representation regarding any fact relied upon by any other Party in entering into this Agreement, and each Party

specifically does not rely upon any statement, representation or promise of any other Party in executing this Agreement, or in making the settlement provided for herein, except to the extent expressly stated herein.

11. **Integration**: The parties expressly agree that this document constitutes the entire agreement between the parties hereto. This Agreement is executed without reliance on any promise, warranty or representation by any Party, or any representative of any Party, other than those, if any, expressly contained herein. It is the intent of this Agreement to constitute an integration of the entire Agreement between the Parties, superseding all the previous negotiations, promises, covenants, agreements and representations. Each Party understands that in the event of any subsequent litigation, controversy or dispute concerning any of the terms, conditions or provisions of this Agreement, no Party shall be permitted to offer or introduce any evidence concerning any collateral or oral agreements between the Parties.

12. **Modification of Agreement**: This Agreement may be changed or modified, or any provisions hereof waived, only by a writing signed by the Party against whom enforcement of any waiver, change or modification is sought.

13. **Interpretation**: This Agreement is the product of negotiation among the Parties hereto and represents the jointly conceived, bargained for and agreed upon language mutually determined by the Parties to express their intentions in entering into the Agreement. Any ambiguity or uncertainty in this Agreement shall be deemed to be caused by, or attributable to, all Parties hereto collectively. In any action to enforce or interpret this Agreement, the Agreement shall be construed in a neutral manner in accordance with its fair meaning, and no term or provision of this Agreement or the Agreement as a whole, shall be construed more or less favorable to any one Party, or a group of Parties, to this Agreement.

14. **Execution of Documents**: Each Party agrees to execute all documents necessary to carry out the purpose of this Agreement and to cooperate with the other in the expeditious filing of any and all documents and the fulfillment of the terms of this Agreement.

15. **Controlling Law**: This Agreement has been entered into in the State of California and the Agreement, including any rights, remedies or obligations provided for thereunder, shall be construed and enforced in accordance with the laws of the State of California.

16. **Severability**: This agreement shall be interpreted in such a manner as to be effective and valid under applicable law. However, if any provision of this Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason, each such provision shall be severed from the remaining provisions of the Agreement and shall not affect the validity and enforceability of such remaining provisions.

17. **Effect of Headings**: The paragraph headings in this Agreement are inserted for convenience only, and shall in no way effect the interpretation of this Agreement.

18. **Gender**: Whenever in this document the context may so require, the masculine gender shall be deemed to include the feminine and neuter genders, and vice-versa.

19. **Counterparts**: This Agreement may be executed in several counterparts and all so executed shall constitute one agreement which shall be binding on all the Parties hereto. The facsimile signatures of the Parties shall be deemed to constitute original signatures, and facsimile copies hereof shall be deemed to constitute duplicate originals.

***[SIGNATURE PAGE TO FOLLOW]***

IN WITNESS WHEREOF, the Parties hereto have approved and executed this Agreement on the dates set forth opposite their respective signatures.

Dated: 12/27/2023

Brittany A. Stillwell (Dec 27, 2023 14:26 EST)

BRITTANY A. STILLWELL

THE COMPLIANCE FIRM LLC d/b/a/ COMPLIANT CARE STAFFING

Dated: 12/27/2023

By Britt Stillwell (Dec 27, 2023 14:25 EST)

Brittany A. Stillwell

[Name-Please print]

President

[Title]

FASHION NOVA, LLC,

Dated: 1/10/2024

By

RICHARD SAGHIAN

[Name-Please print]

CEO

[Title]

FN LOGISTICS, LLC,

Dated: 1/10/2024

By

RICHARD SAGHIAN

[Name-Please print]

CEO

[Title]

Dated: 1/10/2024

RICHARD D. SAGHIAN

Dated: ______________

ERICA A. MEIERHANS

NIXON PEABODY LLP,

Dated: 12/27/2023

By DocuSigned by: Gregory Deschenes 83D10ACAF4AC4B6...

Gregory Deschenes
[Name-Please print]

Senior Counsel
[Title]

Dated: 12/27/2023

DocuSigned by: Staci Trager 780EE384B54D44A...
STACI J. RIORDAN

Dated: ______________ ______________________________
RICHARD D. SAGHIAN

Dated: 12/27/2023 DocuSigned by: Erica Meierhans BE155625ED8C4EE
ERICA A. MEIERHANS

NIXON PEABODY LLP,

Dated: 12/27/2023 By DocuSigned by: Gregory Deschenes 83D10ACAF4AC4B6...

Gregory Deschenes
[Name-Please print]

Senior Counsel
[Title]

Dated: 12/27/2023 DocuSigned by: Staci Trager 780EE384B54D44A...
STACI J. RIORDAN



4893-6110-8594.14